IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OSCAR RIVAS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PROSPERO EQUIPMENT CORPORATION,<br>et al.,<br><br>　　　　　　Defendants. | CIVIL ACTION<br>NO. 17-3028 |

## OPINION

**Slomsky, J.**                                                              **September 5, 2018**

## I.    INTRODUCTION

On April 6, 2018, Plaintiff, Oscar Rivas ("Rivas" or "Plaintiff"), filed a Motion to Reopen and Supplement the Record pursuant to Federal Rule of Appellate Procedure 10(e) (Doc. No. 21) in which he seeks to add to the record the transcript of the January 17, 2018 deposition of Mary DeVito and Deposition Exhibits DeVito 2 through 5 (the "Supplements"). (Id. at 12.) Defendants, Prospero Equipment Corporation a/k/a Prospero's Equipment Corporation, Prospero Winery, Inc. and Prospero's Wine Making Shop, Inc. ("Defendants"), filed a Response in Opposition to Plaintiff's Motion. (Doc. No. 22.) For reasons discussed below, the Court will deny Plaintiff's Motion to Reopen and Supplement the Record.

## II.    BACKGROUND

To understand why Plaintiff filed a Motion to Reopen and Supplement the Record, it is necessary to explain what occurred in this case before the filing of the Motion. In addition, the evidence Plaintiff seeks to submit through his Motion must be explained to provide proper context moving forward.

This case arises from an alleged workplace injury sustained on October 12, 2012, resulting in the death of Lester Estuardo Rivas Ruano, and was initiated in state court by Plaintiff, the administrator of Ruano's estate. (Doc. No. 1.) On October 8, 2014, in the Court of Common Pleas of Bucks County, Pennsylvania, Plaintiff filed a Praecipe to Issue a Writ of Summons in Trespass against Defendants (the "Writ").[1] (Id. at 7; Rivas v. Prospero, Docket, Civ. A. No. 2014-07039 (Ct. Comm. Pl. Bucks Cty., Pa. July 7, 2017). On November 3, 2014, a Praecipe to Reissue the Writ of Summons was filed by Plaintiff, and the Writ of Summons was reissued on that same day. Rivas, Docket, Civ. A. No. 2014-07039.

Over two years later, on November 7, 2016, a Termination Notice pursuant to Bucks County Administrative Order 29 was mailed to Plaintiff. Id. On December 6, 2016, Plaintiff filed a Certificate of Active Status to revive the case. Id. On May 17, 2017, however, due to inactivity in the case for over two years, the Court of Common Pleas of Bucks County entered a Preliminary Termination Order, directing Plaintiff either to file a Praecipe to settle, discontinue and end the matter, or to jointly file with Defendants a Case Management Order. (Doc. No. 13-2 at 12.)

---

[1] Pursuant to the Pennsylvania Rules of Civil Procedure, Plaintiff had ninety days to serve Defendants, New York Corporations, with the Writ of Summons outside the Commonwealth. Pa. R. Civ. P. 404. Thus, Plaintiff was required to serve Defendants no later than January 7, 2015 by handing a copy of the summons to:

  (1) an executive officer, partner or trustee of the corporation or similar entity, or

  (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or

  (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R. Civ. P. 424.

Instead of complying with the Preliminary Termination Order, Plaintiff filed, on or about June 12, 2017, a Complaint in the Bucks County Prothonotary's Office alleging personal injury and product liability claims.[2] (Doc. No. 1 at 21.) Finally, on or about June 16, 2017, Defendants were served with the Complaint via certified mail. (Doc. No. 7-5 at 2.) Thereafter, on July 6, 2017, Defendants removed this action to this Court based upon diversity of citizenship jurisdiction. (Id. at 4.)

### A. Defendants' First Motion to Dismiss

On July 13, 2017, Defendants filed a Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(4) based on Plaintiff's failure to serve a valid and non-expired Writ of Summons, and under Federal Rule of Civil Procedure 12(b)(6) for violation of the statute of limitations.[3] (Doc. No. 5-3 at 2.) On July 26, 2017, Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss (Doc. No. 7) in which he argued that service of the Writ of Summons was properly and timely made upon Defendants by serving their insurance provider, Hanover Insurance Company ("Hanover"). (Id. at 9.)

In his Response, Plaintiff provided as evidence a letter dated December 9, 2014 from Erin Verdi, Litigation Specialist for Hanover, indicating receipt of the Praecipe for [a Writ of] Summons within 90 days of the issuance of the Writ. (Doc. Nos. 7 at 3, 7-4 at 2.) The letter reads: "Dear [counsel], I received the Praecipe For Summons you filed in the above-mentioned matter." (Doc. No. 7-4 at 2.) Based on this letter, Plaintiff argued in the alternative that even if

---

[2]  Plaintiff filed the Complaint over two years and eight months after the issuance of the Writ of Summons and over four years and eight months after the alleged injury.

[3]  The statute of limitations for personal injury and product liability actions in Pennsylvania is two years. 42 Pa. Con. Stat. Ann. § 5524(7); see Hahn v. Atlantic Richfield Co., 625 F.2d 1095, 1104 (3d Cir. 1980) (products liability cases in Pennsylvania would be controlled by the personal injury statute of limitations). Thus, the statute of limitations in the instant case expired on October 12, 2014.

service on the insurance company was improper, Defendants had actual notice of the lawsuit and thus were not prejudiced. (Doc. No. 7 at 10.) As such, Plaintiff contended that the Writ served upon Hanover tolled the statute of limitations, rendering the service of process sufficient. (Doc. No. 7 at 9.) Aside from the December 9, 2014 letter from Hanover and the Complaint filed June 12, 2017, which was served upon Defendants two years and eight months after the expiration of the statute of limitations, Plaintiff produced no other evidence of service to the Court.

> **B.    The November 16, 2017 Hearing on the Motion to Dismiss and Subsequent Jurisdictional Discovery**

On November 16, 2017, the Court held a hearing on Defendants' Motion to Dismiss for failure to make proper service and heard arguments from counsel for Plaintiff and Defendants. (Doc. No. 11.) Defendants argued that Plaintiff failed to provide evidence of adequate service within the statute of limitations because service on a corporation's insurance agent does not constitute proper service under state or federal law, and as such the Court did not have jurisdiction. (Doc. No. 26 at 5:10-15, 6:19-22.)

In turn, Plaintiff argued that the letter from Hanover, in conjunction with statements by Defendants that they located in their office a copy of the Writ (Doc. No. 8 at 2), proved that service was timely made upon Defendants. (Doc. No. 26 at 11:4-5, 11:21-13:2.) Plaintiff further asserted that discovery on the service issue was warranted because Defendants, by including the fact that they found a copy of the Writ in their office, effectively converted their Motion to Dismiss into one for Summary Judgment. (Doc. No. 26 at 11:21-12:6.)

Upon consideration of the arguments, including multiple requests for discovery by both sides (Doc. No. 26 at 11:21-12:16, 28:1-15, 29:1-4), the Court instructed the parties to conduct jurisdictional discovery as follows:

| The Court: | I'll enter an order[4] that fact discovery on the jurisdictional issue raised in the motion to dismiss or the response to reply should be as – is permissive – permissible until whatever that Friday is, <u>the last Friday in January</u>. [5] |
|---|---|

***

| The Court: | … I may just put this case in suspense pending the outcome of the jurisdictional discovery and <u>hearing back from counsel</u>, okay?  But that doesn't mean you shouldn't proceed.  <u>I want you to proceed</u>. |
|---|---|
| Plaintiff's counsel: | <u>Certainly we will</u>, Your Honor. |

(Doc. No. 26 at 32:5-8, 33:17-22.)  Pursuant to this instruction, on January 17, 2018, Plaintiff's counsel deposed Mary DeVito, Controller, Prospero Equipment Corporation.[6]  (Doc. No. 22 at 9; <u>see also</u> Doc. No. 21-1 at 4, Doc. No. 21-5 at 3.)

Thereafter, on January 19, 2018, Defendants filed in the alternative a Motion for Judgment Non Pros, arguing that they have sustained actual prejudice from Plaintiff's failure to sufficiently prosecute this lawsuit by inexplicably waiting four years and eight months after the

---

[4]  The Court inadvertently did not enter an order on jurisdictional discovery, but it was clear to counsel that the close of discovery would be on January 26, 2018, the last Friday of that month.  (Doc. No. 27 at 8:9-12, 23:20-22, 25:21.)  Moreover, it was also clear to counsel that when the Court said it would order discovery on the "jurisdictional" issue, the Court was referring to the service issue.

[5]  Plaintiff did not submit supplemental briefing or supplemental evidence/discovery to the Court by the January 26, 2018 deadline.  (Doc. No. 21 at 5-6, 10-11; Doc. No. 22 at 7.)  Moreover, the Court never heard back from counsel on the jurisdictional service issue following the close of discovery on January 26, 2018, at which point the Court presumed that nothing further would be submitted.  By February 28, 2018, the Court issued an Order granting Defendants' Motion to Dismiss.  (Doc. No. 15.)

[6]  In his Motion to Reopen and Supplement the Record, Plaintiff states that the items he now seeks to add to the record were reviewed by Ms. DeVito and thereafter attached to the deposition transcript.  (Doc. No. 21 at 4.)  Despite this fact, Plaintiff did not provide this evidence or DeVito's deposition transcript to the Court.  Rather, Plaintiff relied at all times prior to February 28, 2018 on the December 9, 2014 letter from Hanover as proof of service within ninety days.

alleged incident and two years and eight months after the issuance of the Writ of Summons to file a complaint. (Doc. No. 13.) On February 6, 2018, Plaintiff filed a Response in Opposition to the Motion for Judgment Non Pros, contending that Defendants have not sustained actual prejudice from the delay because "all evidence has been preserved and not destroyed," and "therefore Defendant still has the ability to present factual information at trial." (Doc. No. 14 at 5-6.)

In Plaintiff's Response to Defendants' Motion for Judgment Non Pros, Plaintiff's counsel did not bring to the Court's attention any information from the January 17, 2018 deposition of Mary DeVito or from the accompanying exhibits.[7] Instead, he continued to rely solely on the letter from Hanover as proof of service within the statute of limitations. Because he had not provided any supplemental briefing or evidence up to that point, the Court considered Plaintiff's February 6, 2018 Response to Defendants' Motion for Judgment Non Pros as his post-jurisdictional discovery submissions.

### C.       The February 28, 2018 Order Dismissing the Case

At all times during the briefing and discovery periods on Defendants' Motion to Dismiss for insufficient service and for violation of the statute of limitations, Plaintiff solely relied on the December 9, 2014 letter from Hanover as proof of service within the ninety-day period. Indeed, at no point during those periods did Plaintiff alert the Court to the January 17, 2018 deposition of Mary DeVito or the accompanying exhibits.

Accordingly, upon consideration of Defendants' Motion to Dismiss filed prior to the November 16, 2017 hearing (Doc. No. 5), Plaintiff's Response in Opposition (Doc. No. 7),

---

[7]   In his Motion to Reopen and Supplement the Record, Plaintiff claims that the Supplements were not included nor mentioned in his February 6, 2018 Response to Defendants' Motion for Judgment Non Pros because "those materials were not pertinent to issues involved in the lack of prosecution discussion." (Doc. No. 21 at 9.)

Defendants' Motion for Judgment Non Pros filed on January 19, 2018 (Doc. No. 13), Plaintiff's Response in Opposition to Defendants' Motion for Judgment Non Pros (Doc. No. 14), and arguments made by counsel at the hearing held on November 16, 2017, the Court granted Defendants' Motions to Dismiss (Doc. Nos. 5, 13) on February 28, 2018. (Doc. No. 15.) The Court dismissed the case for failure to effectuate proper service as well as for violation of the statute of limitations because Plaintiff, by relying upon mere service on Defendants' insurance company within ninety days, failed to prove that Defendants were properly served within the applicable time period in a manner prescribed by federal and state rules governing service of process. Further, the Court found that Plaintiff did not make reasonable efforts to serve Defendants by relying solely on the delivery of the Writ to Hanover and that both parties would likely suffer prejudice from the delay between when the Writ was filed and when the Complaint was filed. (Doc. No. 15 at 4.) Moreover, Plaintiff failed to request an extension of time to render sufficient service and the record did not reflect additional efforts by Plaintiff to serve Defendants. (Doc. No. 15 at 4-5.) Nor was there evidence in the record indicating that Defendants had notice of the lawsuit within the applicable statute of limitations. (Id.) Accordingly, the Court concluded that Plaintiff's reliance on the delivery of the Writ to Defendants' insurance company was not a good faith effort to effectuate service sufficient to toll the statute of limitations as required by Pennsylvania law.[8] (Doc. No. 15 at 5.)

---

[8] <u>Melendez v. Good Samaritan Hosp. of Lebanon</u>, Civ. A. No. 1496-MDA-2015, 2017 WL 1907945, at *2 (Pa. Super. Ct. May 8, 2017) (citations and quotations omitted) ("once an action is commenced by writ of summons or complaint the statute of limitations is tolled only if the plaintiff then makes a good faith effort to effectuate service.").

**D.     Developments After the February 28, 2018 Order Dismissing
the Case**

Through February 28, 2018, Plaintiff relied solely upon service on Defendants' insurance company to oppose Defendants' Motions to Dismiss, never bringing to the attention of the Court the substance of DeVito's deposition or what the accompanying exhibits appeared to show.[9] Rather than submitting these Supplements in a Motion for Reconsideration within fourteen days of the Court's dismissal,[10] on March 13, 2018 Plaintiff filed a Notice of Appeal of the February 28, 2018 Order to the United States Court of Appeals for the Third Circuit.  (Doc. No. 16; Doc. No. 21 at 6.)  Plaintiff's appeal is currently pending.  (Id.)

On April 6, 2018, one month after filing his appeal, Plaintiff filed the instant Motion to Reopen and Supplement the Record pursuant to Federal Rule of Appellate Procedure 10(e) ("F.R.A.P. 10(e)").  He seeks to include in the record the following Supplements: (1) the Transcript of the January 17, 2018 deposition of Mary DeVito, Controller, Prospero Equipment Corporation; and (2) Deposition Exhibits DeVito 2 through 5 (the "DeVito Exhibits").[11]  (Doc. No. 21 at 5-6, 9-10; Doc. No. 22 at 7-8.)  The DeVito Exhibits are as follows:

- Deposition Exhibit DeVito 2 ("DeVito 2"), Plaintiff's October 8, 2014 Praecipe to Issue a Writ of Summons in Trespass against Defendants in the Court of Common Pleas of Bucks County, was made part of the record on July 6, 2017 as Exhibit A to Defendants' Notice of Removal  (Doc. No. 1 at 7-8);

---

[9]   The deposition testimony and associated exhibits are discussed in detail below.

[10]   Rule 7.1(g) of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania states: "Motions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the order concerned, other than those governed by Federal Rule of Civil Procedure 59(e)."  E.D. Pa. Civ. P. R. 7.1(g).

[11]   The DeVito Exhibits are individually bates stamped as "Plaintiff's Exhibit" and dated January 17, 2018.  (Doc. Nos. 21-2, 21-3, 21-4, 21-5.)

- Deposition Exhibit DeVito 3 ("DeVito 3") is a copy of a letter dated <u>November 14, 2014</u> from Plaintiff's Counsel, to Prospero Equipment Corp. and Prospero Winery, Inc., which reads: "Dear Sirs: Enclosed is a Summons in the above referenced Civil Action. If you have any questions please contact our office. Very truly yours, [Plaintiff's counsel], , Attorney for Plaintiff." Attached to the letter are the following documents: 1) U.S. Postal Service Certified Mail Receipts No. 7012-3460-0000-4922-3500 and 7012-3460-0000-4922-3593; 2) USPS Tracking Product and Tracking Information for Tracking Number 7012-3460-0000-4922-3593; and 3) USPS Tracking Product and Tracking Information for Tracking Number 7012-3460-0000-4922-3500;

- Deposition Exhibit DeVito 4 ("DeVito 4") is a copy of a <u>December 4, 2014</u> email from Monica Lam, secretary for Plaintiff's Counsel (Doc. No. 22 at 8), to Mary DeVito with what appears to be an attachment labeled "Oscar Rivas Praecipe for Summons." The email states: "Good Afternoon: Attached please find a scanned copy in the above matter. If you have any questions or concerns please contact [Plaintiff's counsel]. Best, Monica"; and

- Deposition Exhibit DeVito 5 ("DeVito 5") is a copy of a <u>December 5, 2014</u> email chain with Mary DeVito and Claims Representatives of Defendants' insurance company, Jennifer Mulgrew and Jim Duffy, sent from what appears to be Defendants' email server. (Doc. No. 22 at 8; Doc. No. 21-5 at 2.) The subject line reads "Estuardo Ruano" and the email chain proceeds as follows:

Jennifer Mulgrew <JAMulgrew@efk.com>          Fri, Dec 5, 2014 at 10:48 AM
To: "mdevito@prosperocorp.biz" <mdevito@prosperocorp.biz>
Cc: Jim Duffy <JAD@efk.com>

Dear Mr. DeVito, I will be reporting this claim to Hanover, but I do not see a          date of loss listed on the Summons. Do you know the specific date in 2012 in          which Estuardo Ruano was injured? Please advise. Thank you. Jennifer Mulgrew

From:          Mary DeVito [mailto:mdevito@prosperocorp.biz]
Sent:          Thursday, December 04, 2014, 5:06 PM
To:          Jim Duffy
Subject:          Fwd: Estuardo Ruano

Hi Jim Please see attached.[12] Apparently we are being sued by someone (or his     estate) that got hurt in an accident on the job. He worked for a customer of Prospero Equipment Corp. who purchased a crusher destemmer from us in 2002. In 2012 he had a workers comp claim with his employer allegedly hurt working the crusher and now they are going after us. Please let me know if you will take this from here or what? Never a dull moment! Mary.

---

[12] In her December 4, 2014 email to Jim Duffy, Mary DeVito attached what appears to be a document labeled "Oscar Rivas Praecipe for Summons.pdf." (Doc. No. 21-5 at 3.)

(Doc. No. 21 at 4-5; Doc. Nos. 21-2, 21-3, 21-4, 21-5.)  Despite the fact that Plaintiff never previously identified or referenced DeVito, her deposition, or the related exhibits until the filing of his Motion to Reopen and Supplement the Record on April 6, 2018, Plaintiff contends that she is Defendants' corporate designee upon whom the Praecipe for Summons was served on December 4, 2014.  (Doc. No. 21 at 3, 5.)  In making this argument, Plaintiff relies upon the following portions of DeVito's deposition testimony:

Plaintiff's counsel:   Ms. DeVito, take a look at DeVito 4.  Tell me if you've seen that document previously?

DeVito:   Yes.

Plaintiff's counsel:   Did this document come from your computer?

DeVito:   Yes.

Plaintiff's counsel:   And the e-mail address, mdevito@prosperocorp.biz, is that e-mail address assigned to you?

DeVito:   Yes.

Plaintiff's counsel:   And do [you] recall receiving, on December 4th, 2014, an e-mail from Monica Lam with a copy of the Praecipe and writ of summons attached to it?

DeVito:   No, I don't recall it.

*** 

Plaintiff's counsel:   Do you have any basis to refute that this e-mail correctly reflects that you received the document via e-mail on December 4th, 2014?

DeVito:   No.

Plaintiff's counsel:   Do you have any independent recollection of how it came to be that Monica Lam e-mailed the summons to you on December 4th, 2014?

DeVito:   No.

| Plaintiff's counsel: | Do you recall reaching out to Ms. Lam, at some point, prior to December 4th, of 2014? |
|---|---|
| DeVito: | No. |
| Plaintiff's counsel: | Do you have any idea how Ms. Lam would have come to have your e-mail address? |
| DeVito: | No. Unless, she called the office and said, you know, I'm calling from an attorney's office, I have to e-mail something over. They would have given out my e-mail because that's who – that type of correspondence would go to me. |

(Doc. No. 21-1 at 12-13.) Plaintiff's counsel then presented DeVito 5, the December 5, 2014 email chain between DeVito, Mulgrew, and Duffy, for Ms. DeVito to review. The testimony proceeded as follows:

| Plaintiff's counsel: | You agree … that … [DeVito 5] appears to be an e-mail from Jennifer Mulgrew to you? |
|---|---|
| DeVito: | Yes. |
| Plaintiff's counsel: | And did this come from your computer system? |
| DeVito: | Yes. |
| Plaintiff's counsel: | And is this an accurate e-mail, as far as you're aware? |
| DeVito: | Yes. |

***

| Plaintiff's counsel: | Had you provided Ms. Mulgrew a copy of the summons prior to this e-mail? |
|---|---|
| DeVito: | I did not. I believe, if you look a little lower on that page, Jim Duffy, who I originally – he was the first person that got sent the summons after I got it from Monica Lam. I believe he, he is my agent, he forwarded it to Jennifer Mulgrew. |

(Doc. No. 21-1 at 13.)   Plaintiff's counsel then returned to questioning DeVito about DeVito 4, the December 4, 2014 email from Plaintiff's counsel's secretary:

> Plaintiff's counsel:    Your recollection, is that you received a summons by e-mail from Monica Lam on December 4th, of 2014,[13] that you sent it to Jim Duffy and that Jim Duffy sent it to Jennifer Mulgrew?
>
> DeVito:               Yes.
>
> Plaintiff's counsel:    You do not recall ever seeing the summons prior to December 4th, of 2014?
>
> DeVito:               I do not recall.

(Id.)   Plaintiff's counsel continued his examination by referencing DeVito 2, the October 8, 2014 Writ, and asked Ms. DeVito to calculate the number of days between the date of the Writ and December 4, 2014.  The conversation proceeded as follows:

> Plaintiff's counsel:    … you claim to have received the Summons on December 4th, of 2014, correct?
>
> DeVito:               Correct.
>
> Plaintiff's counsel:    Can you tell me the number of days, between October 8th, of 2014, and December 4th, of 2014?
>
>                              ***
>
> DeVito:               … 57.
>
>                              ***
>
> DeVito:               Give or take one.
>
>                              ***
>
> Plaintiff's counsel:    … So we would agree that it is 57 days plus or minus one day?

---

[13]  Defendants maintain that they never received proper service because "emailing a Complaint to an out of state defendant is not valid service under Pa.R.C.P. 404."  (Doc. No. 22 at 8 n.4.)  They continue: "[t]hus, while Plaintiff is asserting that Prospero was 'served by e-mail' on December 4, 201[4], this is not valid service under Pennsylvania law."  (Id.)

| DeVito: | Yes. |
| Plaintiff's counsel: | … You would agree with me, that 57 days, plus or minus one day, is less than 90 days? |
| DeVito: | Yes. |

(Doc. No. 21-1 at 13-14.) Based upon the foregoing testimony and accompanying exhibits, Plaintiff contends that the Supplements are material and significant to the February 28, 2018 Opinion because they "reasonably might be construed to indicate that service of the 2014 writ of summons was made [upon DeVito] within the appropriate time period," and "that the absence of these materials from the Court's consideration affected its judgment." (Doc. No. 21 at 5, 6.)

In their Response in Opposition to Plaintiff's Motion to Reopen and Supplement the Record, Defendants argue that F.R.A.P. 10(e) limits supplementation of the record on appeal to clerical and scrivener errors and that Plaintiff is attempting to impermissibly insert evidence in order to make arguments before the Court of Appeals that were never presented to nor made before the District Court. (Doc. No. 22 at 11, 16.)

Tellingly, the DeVito Exhibits and deposition testimony appear to confirm that as early as 2014, Plaintiff had evidence tending to show that service of the Writ was made upon Mary DeVito, Defendants' Controller, within the ninety-day period. And yet, Plaintiff's counsel admits that he failed to provide this evidence to the Court for consideration until April 6, 2018 when the instant Motion to Reopen and Supplement the Record was filed. (Doc. No. 21 at 5; Doc. No. 27 at 5:8-16.) As noted earlier, through February 28, 2018 Plaintiff relied at all times upon service on Defendants' insurance company within the prescribed time period, never bringing to the attention of the Court that DeVito testified she received service by way of an

email from the secretary for Plaintiff's counsel on December 4, 2014. In doing so, Plaintiff permitted the Court to rule based on what appeared to be incomplete and inaccurate information.

In opposing Plaintiff's Motion to Reopen and Supplement the Record, Defendants argue that, except for the January 17, 2018 transcript of DeVito's deposition, Plaintiff's counsel had the critical supplemental information in his possession as early as December 15, 2017 and January 5, 2018. (Doc. No. 22 at 8.) In their responses to Plaintiff's written requests for discovery on the service issue, Defendants provided Plaintiff on December 17, 2015 with DeVito Exhibits 4 and 5. (Id. at 8 nn.4-5.) Further, Defendants assert that Plaintiff, in his response to Defendants' Request for Admissions, provided Defendants with DeVito 3 on January 5, 2018. (Id. at 7-8 nn.1-3.) As noted earlier, however, Plaintiff neither provided these Supplements to the Court nor relied upon them in arguing that proper service was made upon Defendants. Thus, on February 28, 2018, the Court issued the Opinion and Order dismissing the case.

On July 11, 2018, the Court held a hearing on Plaintiff's Motion to Reopen and Supplement the Record. (Doc. No. 23.) At the hearing, Plaintiff's counsel[14] argued that the Supplements were material and that Plaintiff's failure to provide them to the Court was an error or accident for which Federal Rule of Appellate Procedure 10(e), quoted in full infra, may be used to correct. The Motion to Reopen and Supplement the Record is now ripe for a decision.

## III.    LEGAL STANDARD

"The only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court." Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1165 (3d Cir. 1986) (citing Jaconski v. Avisun, 359 F.2d 931, 936 n.11 (3d Cir. 1966)).

---

[14]    At the November 16, 2017 hearing and at all times prior to the filing of Plaintiff's Motion to Reopen and Supplement the Record on April 6, 2018, Plaintiff's original counsel represented Plaintiff. At the July 11, 2018 hearing, a different counsel for Plaintiff argued on behalf of Plaintiff, and then the Court heard from Plaintiff's original counsel.

Federal Rule of Appellate Procedure 10(a) prescribes the contents of the appellate record as "the original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a).

It is well settled that the Court of Appeals will not consider material on appeal that is outside of the district court record. In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990); see also United States ex rel. Bradshaw v. Alldredge, 432 F.2d 1248, 1250 (3d Cir. 1970) ("It is, of course, black letter law that a United States court of appeals may not consider material or purported evidence which was not brought upon the record in the trial court."). F.R.A.P. 10(e) provides a procedure to supplement the record in certain, limited circumstances:

(e) Correction or Modification of the Record.

(1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.

(2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:

(A) on stipulation of the parties;

(B) by the district court before or after the record has been forwarded; or

(C) by the court of appeals.

(3) All other questions as to the form and content of the record must be presented to the court of appeals.

Fed. R. App. P. 10(e). The Third Circuit permits the district court to augment the record "when the parties dispute whether the record truly discloses what occurred in the district court or when a material matter is omitted by error or accident." Fassett, 807 F.2d at 1165; see also United States ex rel. Mulvaney v. Rush, 487 F.2d 684, 687 n.5 (3d Cir. 1973) (citing 9 J. Moore, Federal

Practice paras. 210.08[1], 210.09, at 1638-49, 1654 (2d ed. 1973)) (citations omitted) ("The purpose of the rule is to permit correction or modification of the record transmitted to the Court of Appeals so that it adequately reflects what happened in the District Court.").

F.R.A.P. 10(e) may be used to "'supplement' a record, not to supply in substance a large new record never before the District Court and never considered by it." United States ex rel. Mulvaney v. Rush, 487 F.2d 684, 687 (3d Cir. 1973). The rule does not permit the district court "to add to the record on appeal matters that did not occur in the course of proceedings leading to the judgment under review." Fassett, 807 F.2d at 1165 (quoting 9 J. Moore, Moore's Federal Practice para. 210.08(1), at 10-55 (2d ed. 1985) (citations omitted)); see also In re Application of Adan, 437 F.3d 381, 388 n.3 (3d Cir. 2006) (F.R.A.P. 10(e)(2) "allows amendment of the record on appeal only to correct inadvertent omissions, not to introduce new evidence"); United States v. Armstrong, Civ. A. No. 99-603-1, 2003 U.S. Dist. LEXIS 2948, at *2 (E.D. Pa. Mar. 4, 2003) (citations omitted) ("The rule does not serve 'to facilitate collateral attacks on the verdict' nor does it afford [the court the] authority to admit new evidence to the court of appeals that was never before this Court in the first place."). Thus, F.R.A.P. 10(e) may not be used to supplement the record on appeal with evidence never before the district court nor considered by it in rendering its final judgment. Mulvaney, 487 F.2d at 687; Fassett, 807 F.2d at 1165; In re Adan, 437 F.3d at 388 n.3; Armstrong, No. 99-603-1, 2003 U.S. Dist. LEXIS 2948, at *2 (E.D. Pa. Mar. 4, 2003).

## IV. ANALYSIS

F.R.A.P. 10(e) provides a mechanism for the district court to supplement the record on appeal in two circumstances: (1) if a "difference arises about whether the record truly discloses what occurred in the district court;" or (2) "if anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e). Otherwise, "questions as to

the form and content of the record must be presented to the court of appeals." Id. Plaintiff relies upon this rule in seeking to supplement the record. He argues that the Supplements, which include DeVito's testimony and attached exhibits, were omitted by error or accident, and thus the record should be corrected. Because no difference has arisen about whether the record truly discloses what occurred in the district court and the Supplements were not omitted from or misstated in the record by error or accident, Plaintiff's Motion to Reopen and Supplement the Record will be denied.

### A. Supplementation of the Record is Not Necessary Because No Difference Has Arisen About Whether the Record Truly Discloses What Occurred in the District Court.

F.R.A.P. 10(e)(1) permits the district court to supplement the record when "any difference arises about whether the record truly discloses what occurred in the district court." Fed. R. App. P. 10(e)(1). In this action, it is neither necessary nor appropriate to supplement the record under this provision because the Supplements were never provided to the Court before it dismissed the case and thus never made part of the record. Accordingly, no discrepancy exists about whether the record truly discloses what occurred in the district court.

Here, no dispute exists as to what occurred in the district court because Plaintiff neither submitted the Supplements to the Court nor referenced them in any way throughout the course of proceedings. (Doc. No. 21 at 10; Doc. No. 22 at 7, 9.) (See In re Capital Cities, 913 F2d at 97 (citing Ross v. Kemp, 785 F.2d 1467, 1474 (11th Cir. 1986)) (refusing to supplement the record with affidavits that were not "before the district court in any form, and because neither of the parties relied on the evidence at an earlier point in the proceedings."). Although Plaintiff's counsel had evidence in his possession as early as 2014 showing that his secretary emailed DeVito, Defendants' Controller, the Writ within the time permitted for service, Plaintiff ignored this information and instead relied solely upon evidence of service on Defendants' insurance

17

company.  In fact, neither party brought the Supplements to the attention of the Court despite the fact that the Court explicitly directed them on November 16, 2017 to conduct discovery on the service issue and inform the Court of their findings by January 26, 2018.  (Doc. No. 22 at 7; Doc. No. 26 at 31:15-33:22.)  As a result, the Court did not consider this evidence when it issued its February 28, 2018 Order granting Defendants' Motions To Dismiss (Doc. Nos. 5, 13) for failure to effectuate proper service as well as for violation of the statute of limitations.  The Court was not made aware of the existence of the Supplements until Plaintiff filed the present Motion on April 6, 2018, one month after Plaintiff filed his Notice of Appeal on March 13, 2018.  (Doc. Nos. 16, 21.)

Consequently, there is no discrepancy about whether the record truly discloses what occurred in the district court because the Supplements were never submitted to the Court, were never made part of the record, or played any role in the decision of the Court on February 28, 2018.  Thus, supplementation is neither necessary nor appropriate under F.R.A.P. 10(e)(1).

**B.     There was No Error or Accident that Caused Plaintiff's Counsel Not to Submit to the Court the DeVito Deposition Testimony and Exhibits Prior to the February 28, 2018 Ruling on the Motion to Dismiss**

Plaintiff's failure to provide the Court with the Supplements, all of which were in his counsel's possession well prior to the February 28, 2018 Order (Doc. No. 21 at 2), was not caused by an error or accident.  F.R.A.P. 10(e)(2) permits correction or modification of the record "if anything material to either party is omitted from or misstated in the record by error or accident."  Fed. R. App. P. 10(e)(2).  The Court of Appeals has interpreted the rule to allow "amendment of the record on appeal only to correct inadvertent omissions, not to introduce new evidence."  In re Adan, 437 F.3d at 388 n.3 (emphasis added) (citation omitted) (denying supplementation of record with new evidence not heard by the district court).

Here, several facts are undisputed. First, on November 16, 2017, the Court afforded the parties over two months to conduct discovery on the service issue and inform the Court of their findings. (Doc. No. 26 at 32:5-33:22.) In response, Plaintiff's counsel affirmatively acknowledged this directive by the Court. (<u>See</u> Doc. No. 26 at 33:16-22.) Second, Plaintiff had all of the Supplements, including DeVito's deposition transcript, in his possession on the date of DeVito's deposition, January 17, 2018, over one month prior to the February 28, 2018 Order dismissing the case. (Doc. No. 21 at 4.) Third, neither Plaintiff nor Defendants submitted to the Court additional evidence or supplemental briefing on the jurisdictional issue by the end of January. (Doc. No. 21 at 9; Doc. No. 22 at 7, 8, 9.) Instead, on February 6, 2018, Plaintiff filed a Response in Opposition to Defendants' January 19, 2018 Motion for Judgment Non Pros, in which no reference is made to DeVito's deposition or the exhibits. (Doc. Nos. 13, 14.) Fourth, by February 28, 2018, Plaintiff produced no other evidence of service upon Defendants. Plaintiff still relied on the December 9, 2014 letter from Hanover. Accordingly, at all times throughout the Motions to Dismiss, the only argument made by Plaintiff regarding timely service was that Defendants were properly served through service on their insurance company.

At the July 11, 2018 hearing, the Court rejected Plaintiff's argument that their failure to provide the Court with the Supplements prior to the February 28, 2018 Opinion and Order dismissing the case was an error or accident within the meaning of F.R.A.P. 10(e)(2). As the Court stated:

The Court:     I'm not even making a finding that a party omitted from or misstated something in the record by error or accident because counsel clearly knew about this. Counsel clearly was at the argument on November 16, clearly knew what the issue was that was being debated, had the information, was aware of my January 30th deadline, clearly violated that deadline, and allowed me to proceed to make a

|  |  |
|---|---|
|  | decision based upon the state of the record. And that's not an accident. That's not an error. |

* * *

| The Court: | Well, I'm not finding this an error or an accident when a lawyer clearly has the evidence in front of them, clearly knew what the issues were, was present at the oral argument, the transcript of November 16 will speak for itself, and just didn't follow the order of the Court at that hearing. I hear what you're saying, but sloppy lawyering is not an error or an accident. And I don't – I don't put it in that category. |

(Doc. No. 27 at 7:19-8:2; Doc. No. 27 at 13:2-10.)  For his part, Plaintiff's counsel explained that the failure to comply with the January 2018 discovery deadline was a result of his belief that this deadline pertained only to the completion of discovery, not supplemental briefing, and that counsel was waiting for a further order of the Court.  (Doc. No. 27 at 8:9-14, 23:20-23.) Plaintiff's counsel stated:

| Plaintiff's second counsel: | While our office knew that there was a January 30th deadline to conduct complete discovery, we did not realize that there was a January 30th deadline to provide supplementation to the Court. We had just actually submitted – we responded to the motion for non pros which the defendants filed two days after the … deposition … And rightly or wrongly, we were waiting for further order of the Court. |

* * *

| Plaintiff's second counsel: | The dockets don't show the January 30 [deadline]. There's no minute entry or anything indicating that January 30 was the deadline or anything.[15] |
| The Court: | I said an order. I said it orally. Counsel was here. |

---

[15] Even though the Court inadvertently did not enter an order on the close of jurisdictional or service fact discovery, it was clear to Plaintiff's counsel that discovery would end on the "last Friday in January," which was January 26th, 2018.  (Doc. No. 26 at 32:5-33:22; Doc. No. 27 at 8:9-12, 23:20-22, 25:21.)

| Plaintiff's second counsel: | Counsel tells me that <u>he remembers writing down that the discovery had to be completed by January 30th</u>, and it was. The deposition was taken on the 17th, I believe. But <u>we were waiting further order of the Court</u>, and that was why nothing got submitted. That's clearly an accident. And I understand – I understand all of the waiver issues that are in this case. |
|---|---|
| The Court: | I don't have the transcript in front of me, but I find it hard to believe that I didn't make clear what had to be in by January 30th. I mean, I afforded – |
| Plaintiff's second counsel: | Oh, I'm sure – |
| The Court: | I afforded from November 16 to January. That's a considerable period of time to January 30th. |
| Plaintiff's second counsel: | And the parties accomplished what the Court set them out to do. It's just that <u>no one ever told the Court</u>. |
| The Court: | Yeah. And then on January 17 he has the deposition. And through February 28 when I issue my opinion, no contact with the Court, no request for clarification, nothing. |
| Plaintiff's second counsel: | I understand that, Your Honor. Clearly erroneous by our office. Nonetheless it doesn't obscure the fact that they got a good service. |

(Doc. No. 27 at 8:3-9:6, 23:20-24:7.) Plaintiff's counsel cites the Court's failure to enter an order on jurisdictional discovery as one explanation for not making the Supplements available to the Court. (Doc. No. 27 at 8:3-14.) Plaintiff's original counsel also contends that his misunderstanding of the discovery deadline was a result of his poor note-taking at the November 16, 2017 hearing. (Doc. No. 27 at 25:14-26:5.) These explanations, however, do not justify Plaintiff's counsel's deficiency in failing to submit evidence in his possession relevant to the service issue before the Court. Not only did Plaintiff's first counsel acknowledge to the Court at

the November 16, 2017 hearing that he would conduct discovery until the end of January,[16] but he was clearly aware of this deadline (Doc. No. 27 at 8:9-12, 23:20-22, 25:21)  And yet, despite being well aware that discovery had closed at the end of January, counsel did not include the Supplements for the Court's consideration even in his Response to Defendants' Motion for Judgment Non Pros on February 6, 2018.  (Doc. No. 14.)  By failing to provide the Court with the Supplements between the discovery deadline and February 28, 2018, Plaintiff knowingly permitted the Court to render a final decision based upon the record as it existed at that time.

It is a generally accepted principle that "sloppy lawyering is not an error or accident" for the purposes of F.R.A.P. 10(e).  (Doc. No. 27 at 13:8.)  See Rivera-Siaca v. DCC Operating, Inc., 416 B.R. 9, 17 (Bankr. D.P.R. 2009) (finding that appellant's failure to timely file Designation of Record on Appeal and Statement of Issues upon being granted multiple extensions was not an error or accident for which F.R.A.P. 10(e) may be used to amend); see also Crain v. McCarthy, No. 89923, 2008-Ohio-2781, 2008 Ohio App. LEXIS 2353, at *2 (Ohio Ct. App. May 29, 2008) (where defendant moved to admit previously undisclosed evidence at the end of trial, the court found that counsel had acted in bad faith in the discovery process, stating: "[Y]ou can call it a mistake if you want, but this court has no tolerance for sloppy lawyering.").  Similar to the

---

[16]  The dialogue below is from the November 16, 2017 hearing:

| The Court: | I'll enter an order that fact discovery on the jurisdictional issue raised in the motion to dismiss or the response to the reply should be as – is permissive – permissible until whatever that Friday is, the last Friday in January … I may just put this case in suspense pending the outcome of the jurisdictional discovery and hearing back from counsel, okay?  But that doesn't mean you shouldn't proceed.  I want you to proceed. |
| Plaintiff's counsel: | Certainly we will, Your Honor. |

(Doc. No. 26 at 32:5-33:22.)

appellant in <u>Rivera-Siaca</u>, Plaintiff's counsel had multiple opportunities to timely file the Supplements with the Court before the January 26, 2018 discovery deadline. In addition, he had the opportunity to present this evidence after the January deadline in his February 6, 2018 Response to Defendants' Motion for Judgment Non Pros, yet failed to do so. Thus, Plaintiff's failure to supply the evidence to the Court both before and after January 26, 2018 amounts to "sloppy lawyering" and is not an error or accident under F.R.A.P. 10(e)(2).

**C.    Plaintiff's Counsel Had the Opportunity to Submit the Supplements to the Court Despite the Argument That There was No Time to Do So.**

Despite multiple opportunities to submit the Supplements to the Court, Plaintiff's counsel claimed there was "no obvious time … to raise the new evidence" because the Court did not hold oral argument in 2018 on either of Defendants' Motions to Dismiss. (Doc. No. 21 at 11.) While it is true that the Court did not hold any additional oral arguments in 2018 on Defendants' Motions to Dismiss following the November 16, 2017 hearing, Plaintiff had the opportunity to notify the Court about the additional evidence on service that was uncovered.

Parties with ample time to present evidence to the court prior to the issuance of a final decision may not be afforded additional opportunities to do so. <u>See</u> <u>Friends of Coral Bay v. Reliance Housing Foundation, Inc.</u>, Civil No. 2007-20, 2008 WL 467391, at *3-4 (D.V.I. Feb. 1, 2008) (denying motion for failure to timely present witness testimony available to Plaintiff at the time of trial where the evidence was not newly discovered and Plaintiff failed to provide an explanation) (quoting <u>Bell Tel. Labs., Inc. v. Hughes Aircraft Co.</u>, 73 F.R.D. 16, 20 (D. Del. 1976)) ("noting that a party ordinarily 'will not be permitted to reopen a case for the purpose of introducing evidence to meet the issues raised at trial, when that evidence was available and known to the party at the time of trial.'"). Certainly, here, the evidence is not newly discovered

considering the DeVito Exhibits all date back to 2014 and Plaintiff's counsel had ample time to provide the Supplements to the Court.

Furthermore, at the July 11, 2018 hearing, Plaintiff's counsel argued that the February 28, 2018 Order was "based on the wrong facts" because it was rendered "without the benefit of" knowledge of the Supplements. (Doc. No. 27 at 5:15-20.) If Plaintiff's counsel believed that the Court disposed of the case based upon incorrect facts, he had the right to file a Motion for Reconsideration within fourteen days. E.D. Pa. Civ. P. R. 7.1(g). This issue was addressed at the July 11, 2018 hearing as follows:

| | |
|---|---|
| Plaintiff's second counsel: | We fall within the literal language of Rule 10E. It was obviously material information. It was obviously omitted by mistake. We are making the application to the correct Court. We're not doing so in a manner that really delays things any more than if we had done it by a motion for reconsideration. |
| The Court: | Well, you could have. You had ten days to do that.[17] |
| Plaintiff's second counsel: | We – yes. Absolutely true. |
| The Court: | And you didn't do that. |
| Plaintiff's second counsel: | I agree with the Court. |
| The Court: | You could have – you could have sought reconsideration at that point. |
| Plaintiff's second counsel: | We could have, Your Honor. And the case is a procedural mess. There's no question about that. Nonetheless, it's a procedural mess, not a substantive mess. |

---

[17] The Court misstated Rule 7.1(g) of the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. Parties have fourteen days from the date of the entry of the Order in question to file a Motion for Reconsideration. E.D. Pa. Civ. P. R. 7.1(g).

(Doc. No. 27 at 9:16-10:7.)  Rather than filing a Motion for Reconsideration within fourteen days of February 28, 2018, counsel for Plaintiff on March 13, 2018 appealed this Court's Order dismissing the case.  (Doc. No. 16.)  And as mentioned <u>supra</u>, on April 6, 2018, Plaintiff's counsel provided the Supplements to the Court for the first time in the Motion to Reopen and Supplement the Record.  (Doc. No. 21.)

Plaintiff's failure to furnish the Court with the Supplements upon being given the opportunity to do so, including explicit direction to conduct and submit additional discovery on the service issue, is not an error or accident within the meaning of F.R.A.P. 10(e)(2), but a lack of diligence by counsel.  Though Plaintiff's counsel admits fault for this "procedural mess," the Court is unpersuaded that F.R.A.P. 10(e)(2) may be used to mitigate the "mess" by classifying his deficiencies as an "error or accident."  (Doc. No. 27 at 5:15-16, 10:6.)  Thus, the Court finds that Plaintiff's failure to provide the Court with the Supplements is not an inadvertent error or omission under F.R.A.P. 10(e)(2).

## V.      CONCLUSION

For the foregoing reasons, Plaintiff Oscar Rivas' Motion to Reopen and Supplement the Record (Doc. No. 21) will be denied.  An appropriate Order follows.